UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: ERICK JOHNSON and : CHAPTER 13
CARMEN KITTS :
    Debtor(s) :
     :
CHARLES J. DEHART, III :
STANDING CHAPTER 13 TRUSTEE :
     :
    vs. :
     :
ERICK JOHNSON and :
CARMEN KITTS :
    Respondent(s) : CASE NO. 1-16-bk-04101

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 12th day of January, 2017, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Average federal income tax refund not considered.
    b. One automobile payment.

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor's have excess non-exempt equity in the following:

    a. Residential real estate.

3. Trustee further objects to debtor(s)' plan subject to debtor(s) providing to the Trustee a Business Debtor Certification and copies of all necessary and related documents which will enable the Trustee to file his Business Examination Report with the Court pursuant to Sections 1302(c), Section 1106(a)(3) and Section 1106(a)(4) of the Bankruptcy Code. More specifically, Trustee requires the submission of the following:

    a. Certification of business debtor.
    b. Federal Income Tax Return for the two most recent years.
    c. Insurance policies for:

    a) Business liability
    b) Workman's compensation liability.

   d. Employers quarterly payroll tax returns.   If applicable, copies of the bank statements for six months preceding the filing.

  4. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

   a. The plan is inconsistent with Proofs of Claims filed and/or approved by the Court.

  5. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

   a. 2016 Federal Income Tax return.

  WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

   a. Deny confirmation of debtor(s) plan.
   b. Dismiss or convert debtor(s) case.
   c. Provide such other relief as is equitable and just.

     Respectfully submitted:


     /s/Charles J. DeHart, III
     Standing Chapter 13 Trustee
     8125 Adams Drive, Suite A
     Hummelstown, PA 17036
     (717) 566-6097

CERTIFICATE OF SERVICE

    AND NOW, this  25th  day of January, 2017, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Dawn Cutaia, Esquire
115 E. Philadelphia Street
York, PA   17401

                  /s/Deborah A. Behney
                  Office of Charles J. DeHart, III
                  Standing Chapter 13 Trustee